# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | |
|---|---|
| United States of America<br>v.<br><br>SABRENA KARIM<br><br><br>*Defendant(s)* | )<br>)<br>) Case No. 14 mj 136-SKG<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 24, 2013 to present__ in the county of __Baltimore__ in the _____ District of __Maryland__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 401 | Criminal Contempt |

This criminal complaint is based on these facts:

See affidavit of Special Agent Bradford J. Lynch, Jr. which is attached hereto and incorporated herein by reference.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Bradford J. Lynch, Jr., Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __1/23/14__

_____
*Judge's signature*

City and state: __Baltimore, Maryland__       Susan K. Gauvey, United States Magistrate Judge
*Printed name and title*



## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

1. I, Bradford J. Lynch, Jr. ("Affiant"), a Special Agent with the Federal Bureau of Investigation (FBI), Baltimore Division, Baltimore, Maryland, being duly sworn, depose and state as follows:

2. Your affiant has been employed as a Special Agent of the FBI since January 4, 1998 and is assigned to the Baltimore Division. I have investigated federal violations of law under programs such as Violent Crime, Foreign Counterintelligence, Counterterrorism. I currently (and for the past six years) investigate White Collar Crime matters which include federal violations concerning wire and mail fraud, bank fraud, health care fraud and mortgage fraud. I have participated in numerous investigations of criminal activity, and I have participated in several arrests and search warrants related to White Collar Crime investigations.

3. As a federal agent, your Affiant is authorized to investigate violations of laws of the United States and is a law enforcement officer with the authority to execute arrest and search and seizure warrants issued under the authority of the United States.

4. This affidavit is made in support of a criminal complaint against Sabrena Karim.

## FACTS AND CIRCUMSTANCES

5. The statements in this affidavit are based in part on information provided by interviews of victims and bank representatives, a review of bank records, Maryland state records, judgments, and on my experience and background as a Special Agent of the FBI. Since this affidavit is being submitted for a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are

1

necessary to establish probable cause to believe that Title 18, United States Code, 401, Criminal Contempt of Court, has been violated.

## STATUTORY AUTHORITY

6.   This investigation concerns alleged violations of Title 18, United States Code 401, which states in part:

> "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as...(3) disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

7.   Based on my experience, training, review of records and consultations with other law enforcement officers, there is probable cause that Sabrena Karim has violated the statute noted above.

## PURPOSE OF AFFIDAVIT

8.   This affidavit is made in support of a criminal complaint of violation of Title 18, United States Code Section 401 (Criminal Contempt).

## STATEMENT OF PROBABLE CAUSE

9.   Beginning in about 2001, and continuing until the present, SABRENA KARIM, a resident of 1816 North Smallwood Road in Baltimore, Maryland, has prepared bankruptcy petitions and other documents related to bankruptcy proceedings for filing in the United States Bankruptcy Court for the District of Maryland on behalf of various individuals in exchange for compensation. KARIM is not an attorney nor does she have any known formal training in the field of bankruptcy or the law.

10.   On March 21, 2011, KARIM attended an injunction hearing before United States

Bankruptcy Judge Robert A. Gordon for the District of Maryland. At the hearing, Judge Gordon granted the injunction, which had been sought by the United States Trustee, and verbally issued an order permanently enjoining KARIM from acting as a bankruptcy return preparer, from preparing or assisting anyone in preparing any document for filing in any bankruptcy court, and from accepting any money for preparing or assisting in the preparation of any document to be filed in the bankruptcy court. Judge Gordon also imposed $130,000 in fines and sanctions against KARIM.

11. On March 29, 2011, Judge Gordon issued a written Order, which repeated the findings and prohibitions set forth in the verbal order. This written Order was mailed to KARIM at 1816 North Smallwood Street, Baltimore, Maryland 21216, by first-class United States mail, on March 31, 2011. This address was the same address used by KARIM in frequent correspondence with the Court since at least December 15, 2010. KARIM also advised Hugh Bernstein, an attorney with the office of the United States Trustee, that 1816 North Smallwood was her address and numerous debtors who used KARIM for their bankruptcy filings confirmed to Court personnel that KARIM used that address to meet with the debtors and prepare their documents.

12. After March 29, 2011, and in violation of the Court's Injunction Order, KARIM continued to act as a bankruptcy preparer, filing pleadings and filling out bankruptcy forms for individuals in exchange for compensation. In response, the United States Trustee moved for a finding of civil contempt and sent a copy of that motion to 1816 North Smallwood Road. KARIM failed to appear for the civil contempt hearings, which were scheduled for September 3,

2011 and October 24, 2011. Judge Gordon, after finding that KARIM had been properly served with notice of the hearing and motion, found KARIM to be in civil contempt. A copy of the Court's Civil Contempt Order and Judgment was mailed to KARIM at 1816 Smallwood Road.

13. In spite of both the Injunction Order and the Civil Contempt Order, KARIM continued to act as a bankruptcy preparer, filing various pleadings and completing bankruptcy forms for individuals after October 24, 2011.

14. In June 2013, the United States Attorney's Office for the District of Maryland contacted your Affiant and requested that your Affiant serve KARIM in person with the March 29, 2011 Civil Contempt Order and Judgment.

15. On June 23, 2013, your Affiant contacted KARIM on her cellular telephone XXX-XXX-1124. Your Affiant told KARIM that your Affiant was a Special Agent of the FBI and that the Bankruptcy Court had correspondence for her. KARIM agreed to meet your Affiant the next morning.

16. On June 24, 2013, your Affiant met KARIM at her residence, 1816 N. Smallwood Street, Baltimore, MD, and served her with the following:

    a. Judgment and Order Permanently Enjoining Sabrena Karim From Acting as A Bankruptcy Petition Preparer and Imposing Fines (10-00408-RAG);
    b. Findings of Fact and Conclusions of Law Pursuant to Bankruptcy Rule 7052 (10-00408-RAG); and
    c. Order Finding Sabrena Karim in Civil Contempt (10-00408-RAG).

17. After providing KARIM with the documents, your Affiant told KARIM that the Court's Orders prohibited her from acting as a bankruptcy preparer, engaging clients or accepting fees for engaging in bankruptcy-related work. KARIM told your Affiant that she had not previously received the Court's Orders or the other documents. KARIM then stated: "It's all

4

lies." Your Affiant advised KARIM that the Court's Orders nonetheless prohibited her from engaging in those activities and that she needed to seek relief from the Court if she disagreed with the Orders. KARIM then simply said "ok."

18. Your Affiant has interviewed various Bankruptcy Court employees who are familiar with KARIM and the types of bankruptcy pleadings that she has filed. The employees have advised your Affiant that there are several distinctive characteristics or traits that appear in in documents prepared by KARIM. For example, KARIM often includes as part of the caption for a pleading "IN Ref:" rather than the typical "In re:" KARIM also provides a citation to "11 U.S.C. section 504 (b)(4)" on bankruptcy petition forms for declaring a legal exemption for property, even though the citation is incorrect, both stylistically and substantively. Finally, KARIM consistently misspells the word "judgment" as "judgement."

19. The pleadings and other documents that KARIM files or causes to be filed are usually typewritten. Your Affiant believes that KARIM uses a computer to prepare the documents.

20. The investigation to date has determined that since June 24, 2013, KARIM has continued to act as bankruptcy preparer on multiple occasions in direct violation of the Court's Orders. Several examples are set forth herein.

The Debtor #1 Bankruptcy Case

21. On or about July 26, 2013, the Bankruptcy Court Clerk's Office received a bankruptcy petition for an individual herein referred to as Debtor #1  On September 3, 2013, Debtor #1 submitted a completed "Questionnaire for Debtors Without an Attorney" form in

connection with her petition. In that form, Debtor #1 indicated that a "Sabrina Smith," having an address of "816 Smallwood, Baltimore, MD" and a telephone number of "XXX-XXX-1124," had helped prepare Debtor #1's bankruptcy documents.

22. The telephone number that Debtor #1 listed for "Sabrina Smith" on the "Questionnaire for Debtors Without an Attorney" form is the same number that your Affiant had used to contact KARIM on both June 23 and June 24, 2013 to arrange for service of the Court Orders. Your Affiant has also determined, based on both personal observation and your Affiant's examination of real property records, that there is no "816 Smallwood" in Baltimore, Maryland.

23. On October 22, 2013, your Affiant contacted and interviewed Debtor #1 about her bankruptcy filings. Debtor #1 advised that a friend had referred her to a woman by the name of "Sabrina Smith" as someone who could prepare her bankruptcy documents in exchange for a fee. The friend told Debtor #1 that if she would provide her credit report, the friend would deliver the report to "Sabrena Smith." The friend further stated that after "Smith" completed the documents, the friend would drive Debtor #1 to "Smith's" house in order for her to sign the documents. Debtor #1 agreed and gave the friend a copy of her credit report.

24. Sometime later, the friend drove Debtor #1 to "Smith's" house, which had an address that Debtor #1 recalled as "816" Smallwood Street, Baltimore, Maryland. Once there, "Smith" invited Debtor #1 to come into the house. "Smith" then gave Debtor #1 her completed bankruptcy petition, instructed her to sign it, and to then file it in the Bankruptcy Court. "Smith" further instructed Debtor #1 that she should not disclose to anyone that "Smith" had prepared the bankruptcy petition. Debtor #1 then gave "Smith" approximately $400 in cash for her preparation of the petition.

25. At the conclusion of the interview, your Affiant showed Debtor #1 a photograph of KARIM that is on file with the Maryland Department of Motor Vehicles. Debtor #1 identified the photograph as that of "Sabrena Smith."

The Debtor #2 Bankruptcy Case

26. On October 11, 2013, Debtor #2 testified under oath in a Section 341 hearing before Trustee Joseph Bellinger and others in Bankruptcy Case Number 13-20157. Your Affiant has listened to an audio copy of that testimony. Debtor #2 testified that sometime in August 2013, her cousin had referred her to a woman known only as "Sabrena," to help prepare DEBTOR #2's bankruptcy filings. Debtor #2 stated that her cousin had also used "Sabrena" to prepare bankruptcy documents.

27. Debtor #2 testified that she then went to a house at "eighteen something Smallwood Street" where she met with "Sabrena" in the dining room of the house. Debtor #2 recalled seeing both both a fax machine and a computer set up in the dining room, which appeared to be used as an office. Debtor #2 further testified that "Sabrena" prepared her bankruptcy petition in exchange for $385 in cash and provided her with instructions and advice regarding the bankruptcy process. Among other things, "Sabrena" told Debtor #2 that as a debtor, she would need to take two credit counseling classes over the telephone in order to get a discharge from bankruptcy. Debtor #2 scheduled those classes for Debtor #2 by telephone during that same meeting. "Sabrena" also asked Debtor #2 to return "bankruptcy documents" to her after Debtor #2 received them from the Court. Debtor #2 testified that when she received records from the Court, she delivered them to "Sabrena" at the house on Smallwood Street. Debtor #2

stated that she saw "Sabrena" put the records in a file folder that was labeled with Debtor #2's name.

28.   Based upon the foregoing, your Affiant believes that the woman identified by Debtor #1 as "Sabrena Smith" and the woman identified by Debtor #2 as "Sabrena" is SABRENA KARIM.

The December 20, 2013 Interview

29.   On December 20, 2013, your Affiant interviewed Karim again. During this interview, Karim admitted that she had continued to prepare bankruptcy documents for debtors since being served with the Court's orders on June 24, 2013. Karim stated that she prepared the documents as a "community service," because she charged $400, which was less than an attorney would charge. Karim further admitted that she had prepared bankruptcy documents for a number of debtors that your Affiant identified by name, including the Debtor #1 and the Debtor #2 referenced above. Karim also advised your Affiant that she knew and understood that the Court's orders prohibited her from engaging clients or preparing the bankruptcy documents. She claimed that she believed that she was in "civil contempt" of the Court, but that she did not care, because she had no assets that the Court could garnish. Your Affiant advised Karim that her conduct constituted criminal contempt and that she must stop violating the Court's orders immediately.

30.   On January 16, 2014, your Affiant was advised by an Assistant United States Bankruptcy Trustee that additional documents had been filed with the Court that appeared to have been prepared by Karim.

31. Based on the above, your Affiant believes there is probable cause to believe that Karim willfully disobeyed a lawful order of a court of the United States, to wit, the United States Bankruptcy Court of the District of Maryland, in violation of Title 18, U.S.C. Section 401.

Bradford J. Lynch, Jr.
Special Agent
Federal Bureau of
Investigation

Sworn and subscribed before me
this 23 day of January 2014

UNITED STATES MAGISTRATE JUDGE

9